**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| OO (a.k.a STEVEN ANDREW CALVER), <br><br> Plaintiff, <br><br> v. <br><br> IAN SILBER and DONNA LYONS, <br><br> Defendants. | Civil Action No. 23-0691 (MAS) (DEA) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Defendants Ian Silber and Donna Lyons' (collectively, "Defendants")[1] Motion to Dismiss the Complaint of *pro se* Plaintiff OO ("Plaintiff"). (ECF No. 30.) Plaintiff did not timely oppose. Also pending before the Court are various motions filed by Plaintiff, including for sanctions against Defendants, a preliminary injunction, and reconsideration of the Court's previous denial of a temporary restraining order. (ECF Nos. 14, 16, 17, 20, 29.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Defendants' Motion to Dismiss is **GRANTED**; Plaintiff's pending motions are **DENIED** as **MOOT**.

---

[1] Although Defendants were initially represented by counsel in this matter, Defendants ultimately elected to proceed *pro se*. (ECF Nos. 7, 9, 10.)

I.   **BACKGROUND**

According to the Complaint, Plaintiff leased a house from Defendants, located at 355 Montana Road, Washington, New Jersey 07882 (the "Premises"),[2] from which he was removed, and from which his personal property was subsequently removed and disposed. (*See* Compl. *3-4, ECF No. 1.)[3] Plaintiff alleges that, beginning in 2019, Defendants "coordinated and conspired" with his purported "week-to-week subtenant," Andrea De Carlo ("De Carlo"), to "defraud [him] of [his] leasehold and property." (*Id.* at *4)

Specifically, Plaintiff accuses De Carlo of falsifying evidence in order to obtain a Final Restraining Order ("FRO") against him on February 1, 2021.[4] (*Id.*) Plaintiff alleges that, ten days later, Defendants used that FRO as grounds to evict him but were supposedly unsuccessful. (*Id.*) The next month, De Carlo, allegedly on behalf of Defendants, rented a dumpster to remove all of Plaintiff's property from the house. (*Id.*) De Carlo subsequently listed Plaintiff's personal property for sale on Facebook.[5] (*Id.*) Plaintiff further alleges that another purported "[s]ubtenant," Donna Piluso, whom Plaintiff "made trustee of [his] property," sought to recover the property with the assistance of the New Jersey State Police but failed to do so. (*Id.*) Defendants and De Carlo all

---

[2] Defendants attach a copy of the original lease to their Motion. (Defs.' Moving Br. Ex. D, ECF No. 30-6.) The lease agreement indicates that Plaintiff's leasehold began on September 15, 2017, and extended for a duration of two years. (*See id.*)

[3] In citations to the record, all page numbers preceded by an asterisk refer to the page number listed in the ECF header at the top of the page.

[4] Defendants attach a copy of the amended FRO to their Motion. (Defs.' Moving Br. Ex. C, ECF No. 30-5.) The amended FRO lists an effective date of May 27, 2021, and states that Plaintiff "[i]s no longer granted a trip to the residence as he no longer has any po[s]sessions at the residence." (*Id.*)

[5] Plaintiff alleges that De Carlo continued to sell his property on Facebook until at least October 2021, and references an October 10, 2021, Facebook listing for his property by De Carlo, which states "I am scrambling to clean it up, and the landlord is displeased with me for how long it's taking." (*See* Compl. *4.)

allegedly claimed that De Carlo co-leased the property, had a lease that predated Plaintiff's, and that all the property was theirs. (*Id.*) Plaintiff states that Defendants used De Carlo and the courts to convert his property without notice and constructively evict him. (*Id.*)

Based on these allegations, Plaintiff asserts a cause of action for unlawful conversion of property against Defendants and claims that Defendants violated N.J. Stat. Ann. § 2A:18-72 by wrongfully removing his property from the Premises without notice. (*Id.* at *3.) Plaintiff seeks two times the replacement value of his personal property pursuant to N.J. Stat. Ann. § 2A:18-82, which he estimates to be approximately $3,177,400, and for the Court to order the sale of the Premises. (*Id.*) Defendants now move to dismiss the Complaint. (ECF Nos. 30, 31.)

## II.   **LEGAL STANDARD**

Courts undertake a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[6] *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation marks omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state, "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[M]ere restatements of the elements of [a] claim [] . . . are not entitled to the assumption of truth." *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) (alterations in original). Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show

---

[6] Hereinafter, all references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citation omitted).

Where, as here, a litigant is proceeding *pro se*, all filings are "to be liberally construed . . . and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F. Supp. 3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)).

## III.  **DISCUSSION**

Defendants move to dismiss Plaintiff's Complaint on several grounds, including pursuant to Rule 12(b)(6). (*See generally* ECF No. 30.) Plaintiff appears to assert two causes of action against Defendants: (i) conversion of property; and (ii) removal of property without proper notice in violation of N.J. Stat. Ann. § 2A:18-72. (*See* Compl. *3-4.) Neither claim, however, is viable based on the facts alleged. Because the Complaint, even liberally construed, fails to set forth sufficient facts to state a claim against Defendants, dismissal is warranted.

"The elements of common law conversion are: '(1) the existence of property; (2) the right to immediate possession thereof belonging to plaintiff; and (3) the wrongful interference with that right by the defendant.'" *Davis v. Mariano*, No. 19-13515, 2021 WL 9525469, at *7 (D.N.J. Mar. 26, 2021) (quoting *Rickerson v. Pinnacle Foods Inc.*, No. 17-4469, 2018 WL 1704788, at *2 (D.N.J. Apr. 9, 2018)). Here, even assuming the existence of property at the Premises in which

4

Plaintiff held an immediate right of possession,[7] Plaintiff fails to allege facts indicating that Defendants wrongfully interfered with that right. Plaintiff's conversion claim against Defendants rests on the conclusory allegation that De Carlo, who Plaintiff alleges both disposed of and sold his personal property, acted "[o]n behalf of [Defendants]." (Compl. *4.) Plaintiff further states, as if a matter of fact, that Defendants "used [De Carlo] and the [courts] to convert [his] property." (*Id.*) But beyond these conclusory assertions that De Carlo "coordinated and conspired" with Defendants to deprive Plaintiff of his property, nothing in the Complaint indicates that Defendants were actually involved in the alleged conversion. *See Rickerson*, 2018 WL 1704788, at *3 (dismissing conversion claim where there was no factual allegation that defendants were involved in the alleged conversion). Even drawing all inferences in favor of Plaintiff, the factual allegations demonstrate that De Carlo obtained an FRO, preventing Plaintiff's return to the Premises, and that De Carlo subsequently disposed of his personal property. (*See* Compl. *4.) Although Plaintiff's allegations indicate a potential conversion claim against De Carlo, she has not been named as a defendant in this action.

Similarly, Plaintiff fails to state a claim against Defendants for refusing to provide proper notice of the removal of his personal property from the Premises. Under N.J. Stat. Ann. § 2A:18-72, "[a] landlord of commercial or residential property . . . may dispose of any tangible goods . . . left upon a premises by a tenant after giving notice as required . . . only if the landlord reasonably believes . . . that the tenant has left the property. . . ." *See* N.J. Stat. Ann. § 2A:18-72. Akin to the conversion claim, Plaintiff's statutory claim fails because he does not

---

[7] The Court notes that, while Plaintiff has stated that the personal property in question is valued at approximately $1,588,700, Plaintiff has not provided any details as to the property itself, beyond vague references to artworks, personal artifacts, and family heirlooms. (*See* Compl. *3.)

allege facts demonstrating that Defendants disposed of his personal property. As such, Defendants' statutory notice obligations would not attach to the alleged conduct of another tenant, De Carlo.

That said, "[t]he obligation to liberally construe a *pro se* litigant's pleadings is well-established." *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Therefore, to the extent the pleading deficiencies identified can be cured by way of amendment, the Court will permit Plaintiff the opportunity to amend his Complaint within 30 days.

For the reasons stated above, and for other good cause shown,

**IT IS** on this 8th day of August 2023, **ORDERED** that:

1.      Defendants' Motion to Dismiss (ECF No. 30) is **GRANTED**.

2.      Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice.

3.      Plaintiff may file an amended complaint within 30 days of the date of this Order to cure any deficiencies identified herein.

4.      Plaintiff's pending motions (ECF Nos. 14, 16, 17, 20, 29) are **DENIED** as **MOOT**.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE